**Wanda HAER, et al., Appellants,**

v.

**Donald GRAVES, Respondent.**

**No. WD 33645.**

Missouri Court of Appeals, Western District.

March 15, 1983.

Roger M. Prokes, Maryville, for appellants; Strong, Strong & Prokes, Maryville, of counsel.

Laurence R. Tucker, Kansas City, for respondent; Morris, Larson, King, Stamper & Bold, Kansas City, of counsel.

Before PRITCHARD, P.J., and MANFORD and NUGENT, JJ.

PRITCHARD, Presiding Judge.

Plaintiffs, alleging their ownership of the W ½ of the NE ¼ and that portion of the E ½ of the NW ¼ lying east of the Missouri River, Section 8, Township 63 North, Range 41 West, in Atchison County, Missouri, sued defendant for an injunction against trespass and for damages for his alleged incursion into a narrow strip of land along the south side of plaintiffs' property to the river on to the west. Defendant was a tenant farmer of lands owned by Huffman lying to the south of plaintiffs' land, and according to him, he used the strip of land, described by him as an east-west road, to gain access to the Huffman land on both the east and west sides of a north-south levee on the eastern portion of both properties. There were north-south and intersecting easterly-running county roads on the east side of both properties. Defendant had farmed the Huffman land for 12 to 15 years, and had made use of the disputed roadway himself during those years. He had bladed the roadway, "kept up the ruts", and tried to fix the drainage. He had also removed some wire from the fence and bulldozed some debris onto the Huffman land. The county had also bladed the road occasionally. He admitted removing some posts, which had been placed by plaintiffs, but claimed that they were 4 to 6 feet south of

an old fence line and within the roadway. Other people have also used the roadway.

Surveyor Teale made surveys for plaintiffs and for Mr. Huffman in 1977 and 1980 respectively. He found and drew in the location of the old fence line on the south side of plaintiffs' land, but he did not determine the width of the road. His notes indicated the road did not run parallel to the quarter section line and it was actually on both plaintiffs' and the Huffman property.

Plaintiff Wanda Haer testified that the fence line had been the border of the roadway before 1976 or 1977, and people had used the road for various purposes without asking her permission. One of plaintiffs, Mrs. Wilson, judged the roadway to be 29 to 30 feet wide.

Defendant's wife testified that in 26 years of driving along the road, she used it to go to the river without prohibition from plaintiffs. Defendant used it to move a corn picker 26 feet wide. When a corner post was set in the road by plaintiffs, she was forced to drive onto Huffmans' field. James Steele had travelled the road, without any objection, to the river for the 43 years that he had been married to one of the Huffman girls. Donald Cooper had been around the properties for 48 years, going back and forth on the road to the river during that time, without ever being told not to do so by any landowners. The road has been growing wider in the years gone by by pushing farther south, where there was no fence. Other witnesses testified as to public use of the road but without any specific reference to the length of time.

Defendant pleaded affirmatively "that a roadway established by a prescriptive easement exists on the south side of plaintiffs' property, and if any posts were moved, then they were moved because they constituted an obstruction within that roadway." This defense is that the use of the roadway (or that portion south of the old fence line which is on plaintiffs' legal description of their property) was done under a claim of right—that of a prescriptive easement was acquired by defendant and other members of the public which would defeat any charge of trespass upon the strip of land. Defendant had a right to remove any installed posts in the roadway which would affect its use, and the fact that he did so establishes his continued adverse and hostile use thereof. See *Trustees of Forestgreen Estates, 4th Addition v. Minton*, 510 S.W.2d 800, 803[3] (Mo.App.1974), and the other cases cited and quoted in that opinion, 510 S.W.2d at 802[1, 2], et seq.

The evidence does show that defendant went onto plaintiffs' land on occasion, once to pursue a wounded deer, once to remove wire and debris from a fence post, and perhaps (but it is not clear) in driving equipment along a soybean row. Even if that be true, plaintiffs proved no damages resulting therefrom.

Counsel for both parties suggested in oral argument that this case be remanded with directions that the trial court describe the boundaries of the prescriptive easement. As noted above, the roadway extends somewhat on the Huffman land to the south, and no owners of that land were made parties to establish such an easement. Besides, no such relief was requested of the trial court.

The judgment denying the requested injunctive relief against trespass and damages therefor is supported by substantial evidence; it is not against the weight thereof; and it does not erroneously declare or apply the law. There is no firm belief that the judgment is wrong.

The judgment is affirmed.

All concur.